[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON AMENDED MOTION TO CITE IN ADDITIONAL PARTY
FACTS
The plaintiff, Sandra Watrous, filed a complaint against the defendants, Transportation General and Doreen Ruggiero. The plaintiff alleges that Ruggiero was operating a taxi, owned by Transportation General, in a negligent manner when it collided with the plaintiff's vehicle. The plaintiff has sued the owner and the operator of the other vehicle involved, but not the operator of her vehicle.
Pursuant to General Statutes 52-102, the defendants moved to cite in an additional party on November 26, 1993. The defendants seek to add the plaintiff's daughter, Penny Greenspan, who was operating the plaintiff's vehicle at the time of the accident, in order to apportion liability for the collision. The plaintiff objected to the motion arguing that since Greenspan's negligence cannot be imputed to the plaintiff, Greenspan is not a necessary party. CT Page 2075
DISCUSSION
"Upon motion made by any party . . .to a civil action, the person named in the party's motion . . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein. . . ." General Statutes 52-102. "Apportionment of liability among defendants under Section 52-572h
is adequately accomplished by joining the additional person as a party to the action by using Section 52-102, and does not require any claims against that person by existing defendants. . . ." Baker v. Franco, 7 Conn. L. Rptr. 622, 623 (December 21, 1992, Fuller, J.
In the present case, the defendants have brought this motion under the proper section, General Statutes 52-102. In the motion, the defendants have alleged that the driver of the plaintiff's car, Penny Greenspan, was negligent. Since the motion was brought under the proper section and the defendants have sufficiently alleged the additional party's negligence, the defendant's Motion To Cite In Additional Party is granted.
So ordered.
Michael Hartmere, Judge